**Electronically Filed
Supreme Court
SCAD-22-0000069
22-MAR-2022
10:31 AM
Dkt. 10 ORD**

SCAD-22-0000069

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

NOAH D. FIDDLER,
Respondent.
(HI Bar No. 3114)

---

ORIGINAL PROCEEDING
(DB No. 21-9007)

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon review of the February 18, 2022 report and recommendation submitted by the Disciplinary Board of the Hawaiʻi Supreme Court, and full consideration of the record in this matter and in SCAD-21-398, we find and conclude the following. We find that Respondent Noah D. Fiddler has admitted to committing five felony counts of wilfully failing to collect and pay over a tax, in violation of HRS § 231-36.4 (2010), and twelve misdemeanor counts of wilfully failing to file a tax return, in violation of HRS § 231-35 (2010), and conclude that this

constitutes misconduct that violates Rules 8.4(b) and 8.4(c) of the Hawaiʻi Rules of Professional Conduct, being criminal acts that reflect adversely on Respondent Fiddler's honesty and trustworthiness.

In aggravation, we find Respondent Fiddler has substantial experience in the practice of law and a prior disciplinary record implicating negligent handling of client funds and, in the present matter, that he exhibited a dishonest or selfish motive, engaged in a pattern of misconduct, committed multiple offenses, and engaged in illegal conduct.

In mitigation, we find that Respondent Fiddler has made full restitution and amends, demonstrated remorse, exhibited candor and cooperation, demonstrated good character and reputation, and suffered the imposition of other sanctions. We also note the prior disciplinary matter was remote in time, occurring nearly thirty years prior, and also note the fourteen letters submitted in support of his character by former prosecutors, public defenders, and other attorneys in the legal community. We have reviewed the proposed stipulated discipline reached by the parties and concur, upon consideration of the record as a whole, that it is appropriate in the present matter. Therefore,

IT IS HEREBY ORDERED that, with the conclusion of the disciplinary proceedings against him, the restraint from practice

2

imposed upon Respondent Fiddler, pursuant to Rule 2.13 of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), is removed.

IT IS FURTHER ORDERED that Respondent Fiddler is suspended, *nunc pro tunc*, from July 16, 2021 to the entry date of this order. Upon entry of this order, Respondent Fiddler may return to the practice of law after fulfilling the affidavit requirements of RSCH Rule 2.17(b)(2) and any administrative requirements that may exist.

IT IS FURTHER ORDERED that a total three-year period of disciplinary suspension, which includes the period of actual suspension, above, is imposed upon Respondent Fiddler, the remaining portion of which, however, shall be held in abeyance pending completion by him of the following conditions. Respondent Fiddler shall (1) fulfill all of the terms and conditions of the probation imposed by the First Circuit Court in connection with his plea in the criminal matters, (2) submit to the Office of Disciplinary Counsel (ODC), by October 31 every year during this probationary period, a declaration that he has paid his federal, state, and business taxes, accompanied by relevant documents in support, including the tax returns themselves and proof of payment of any taxes due, with the final report due October 31, 2025, (3) submit to ODC, by October 31 every year during this probationary period, proof of completion

3

of *pro bono* services toward a total of 360 hours to be served during this probationary period, performed through a qualified provider of such legal services, with the final report due October 31, 2025, and (4) submit to monitoring by a designated representative from ODC, who will be allowed to communicate with Respondent Fiddler's probation officer in the criminal matter. The probationary period shall end November 1, 2025.

IT IS FURTHER ORDERED that Respondent Fiddler shall pay the costs of these disciplinary proceedings, upon approval by this court of a timely submitted Verified Bill of Costs from ODC.

IT IS FURTHER ORDERED that, should Respondent Fiddler fail to comply with any of the above conditions, become subject to further disciplinary sanctions, have his probation revoked in the underlying criminal matter, or be found guilty of a new felony or misdemeanor, a special panel of the Disciplinary Board may be convened to consider the matter and make additional disciplinary recommendations to this court.

DATED: Honolulu, Hawaiʻi, March 22, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna



/s/ Michael D. Wilson

/s/ Todd W. Eddins

4